## A05A1382. QUAWEAY v. THE STATE.
### (618 SE2d 707)

BARNES, Judge.

Following a traffic stop, Jonathan Quaweay was indicted for two counts of driving under the influence ("DUI"), one count of failure to use signal lights, one count of giving a false name to a law enforcement officer, and five counts of forgery in the first degree. During his bench trial, Quaweay did not contest the counts alleging DUI, failing to use signal lights, and giving a false name to a law enforcement officer. After a bench trial, he was convicted of those counts and the five counts of forgery in the first degree. Quaweay now appeals, contending only that he was improperly convicted of forgery instead of the lesser offense of giving a false name to a law enforcement officer. We disagree, and affirm those convictions.[1]

The following facts were established at trial. An officer stopped Quaweay for suspicion of DUI after seeing Quaweay driving erratically and failing to use his signal light. The officer asked Quaweay for a driver's license. Quaweay gave the officer a false name, and produced what appeared to be a valid Georgia driver's license with his picture and the false name on it. Quaweay failed three field sobriety tests and was arrested. He then voluntarily signed four documents with the false name during his arrest: two traffic citations, an official driver's license suspension notice, and a property sheet. The officer testified that Quaweay's false signatures appeared to be similar to the signature on the license. The officer fingerprinted Quaweay and entered the prints into the database. The officer learned that Quaweay's prints were already in the system under a different name, and Quaweay admitted his true identity when the officer questioned him. The officer then charged Quaweay with five counts of first degree forgery: one for the driver's license, and one for each of the four documents Quaweay signed during his arrest.

In his only enumeration of error, Quaweay argues that each of his forgery convictions was improper. He contends his conduct was properly chargeable under the offense of giving a false name to a law enforcement officer.

Forgery in the first degree and giving a false name to a law enforcement officer have different elements. Forgery in the first degree is a felony defined in OCGA § 16-9-1:

> [a] person commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, or

---

[1] Quaweay has not appealed his convictions for driving under the influence, failing to use signal lights, and giving a false name to a law enforcement officer.

possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing.

Giving a false name to a law enforcement officer is a misdemeanor defined in OCGA § 16-10-25: "[a] person who gives a false name, address, or date of birth to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity or birthdate is guilty of a misdemeanor."

First degree forgery and giving a false name are not co-extensive. Forgery requires a writing that is either made or possessed, and then delivered with the intent to defraud. Giving a false name is both broader and narrower than forgery. It is broader in that it covers any "giving" of a false name, which includes both oral and written forms of a false name. It is narrower in that the name must be given to a law enforcement officer in the lawful discharge of his official duties; forgery does not require fraud on a police officer. While these offenses may share common elements, each offense has elements that are not included in the other. This court has previously held that giving a false name is not a lesser included offense to forgery. See *Clark v. State*, 239 Ga. App. 245, 247 (3) (520 SE2d 245) (1999).

Quaweay argues that, under the rule of lenity, each of his felony forgery charges should be reduced to a misdemeanor for giving a false name. This argument fails. The rule of lenity entitles the accused to the lesser of two penalties where the *same* conduct would support either a felony or misdemeanor conviction. *Dixon v. State*, 278 Ga. 4, 7 (1) (d) (596 SE2d 147) (2004). Even though the rule of lenity may apply when the applicable misdemeanor is not a lesser included offense to the charged felony, see *Brown v. State*, 276 Ga. 606, 607 (1) (581 SE2d 35) (2003), the essential requirement of the rule of lenity is that both crimes could be proved with the same evidence. Id. at 609 (2).

Here, the prosecution required different evidence to prove giving a false name and forgery. To prove the misdemeanor, the prosecution showed that Quaweay gave a false name to a law enforcement officer. To prove the felony forgery counts, the prosecution showed that Quaweay either possessed or made five different writings, each of which he delivered. Because different facts were required to prove these offenses, the rule of lenity does not apply. Thus, as the trial court did not err by convicting Quaweay of five counts of first degree forgery and sentencing him for those crimes, we affirm his convictions.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JULY 27, 2005.

*Virginia W. Tinkler*, for appellant.
*David McDade, District Attorney, Casey, Gilson & Leibel, Mark G. Hatton*, for appellee.