A05A1923. DAWKINS v. THE STATE.
(629 SE2d 45)

SMITH, Presiding Judge.

Shawn Dawkins, a/k/a Sean Antonio Dawkins, was indicted by a Lowndes County grand jury on charges of sexual battery, aggravated assault, aggravated battery, theft by taking, and making a false statement. He was also charged as a recidivist. The trial court directed a verdict of acquittal on the charge of theft by taking, and the State entered a nolle prosequi on the charge of aggravated assault. A

jury found Dawkins guilty of sexual battery and making a false statement and acquitted him of aggravated battery, finding him guilty of the lesser charge of simple battery. Dawkins appeals from the judgment of conviction and sentence, asserting as his sole enumeration of error that the evidence was insufficient to convict him of making a false statement. Because the evidence shows that Dawkins's conduct also constituted the misdemeanor offense of giving a false name to a police officer, OCGA § 16-10-25, under the "rule of lenity" he must be subject to the penalty for the misdemeanor, rather than the felony. Accordingly, we reverse Dawkins's felony conviction for making a false statement.

Construed to support the verdict, the evidence shows that during the investigation of the incident underlying the indictment, warrants were taken out on Dawkins. Police officers received an anonymous call that Dawkins was at a particular location. After Dawkins was pointed out to them by bystanders, the officers asked him for picture identification. He had none, but produced a social security card and a birth certificate in the name of Anthony White. When asked if he was Sean Dawkins, he denied it, but the officers retrieved a photograph from their patrol car and positively identified him as Dawkins.[1]

Dawkins raises several contentions in support of his assertion of the general grounds. He first contends that the evidence is insufficient because "the statute was intended for those persons in county, city or state government." This is a misreading of the plain language of the statute, which applies not only to public officials but to any "person" who makes a misrepresentation "in any matter within the jurisdiction" of a government entity. See *Watkins v. State*, 191 Ga. App. 87, 89 (2) (381 SE2d 45) (1989). Dawkins next complains that the documents he presented were not "false" because they were authentic papers belonging to his cousin, who testified that he had not authorized Dawkins to use them. But OCGA § 16-10-20 provides three ways in which the crime of giving a false statement may be committed: (1) by falsifying or concealing a material fact; (2) by making a false statement or representation; or (3) by knowingly making or

---

[1] The officer testified as follows:
A. He provided a social security card with the name of Anthony White, signed Anthony White, and he also provided a birth certificate.
Q. In whose name?
A. Anthony White.
Q. Did you ask him if he was Sean Dawkins?
A. Yes, ma'am.
Q. And what was his response to that?
A. He stated he was not Sean Dawkins.
Q. And he gave you the name of?
A. Anthony White.

using a false writing. See *State v. Johnson*, 269 Ga. 370 (499 SE2d 56) (1998). Dawkins was charged with making a false statement, not with using a false writing or document under the same Code section. See id. at 371 (defendant charged with using a false document).

Finally, Dawkins contends he was guilty merely of giving a false name to a police officer, a misdemeanor under OCGA § 16-10-25. That Code section provides: "A person who gives a false name, address, or date of birth to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity or birthdate is guilty of a misdemeanor." In contrast, OCGA § 16-10-20 provides:

> A person who knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact; makes a false, fictitious, or fraudulent statement or representation; or makes or uses any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry, in any matter within the jurisdiction of any department or agency of state government or of the government of any county, city, or other political subdivision of this state shall, upon conviction thereof, be punished by a fine of not more than $1,000.00 or by imprisonment for not less than one nor more than five years, or both.

The indictment alleges that Dawkins "did . . . unlawfully, knowingly, willfully and intentionally make a false or fictitious and fraudulent statement, to-wit: that he was not Shawn Dawkins."

> The rule of lenity entitles the accused to the lesser of two penalties where the same conduct would support either a felony or misdemeanor conviction. *Dixon v. State*, 278 Ga. 4, 7 (1) (d) (596 SE2d 147) (2004). Even though the rule of lenity may apply when the applicable misdemeanor is not a lesser included offense to the charged felony, see *Brown v. State*, 276 Ga. 606, 607 (1) (581 SE2d 35) (2003), the essential requirement of the rule of lenity is that both crimes could be proved with the same evidence. Id. at 609 (2).

(Emphasis omitted.) *Quaweay v. State*, 274 Ga. App. 657, 658 (618 SE2d 707) (2005). Viewing the transaction between Dawkins and the police officer as a whole, it is apparent that the same evidence could be used to prove both the offense of giving a false name and the offense of making a false statement. Dawkins began the encounter by proffering a social security card and birth certificate bearing another's name, thus giving a false name to the officer and making a false

statement which he reinforced with the express denial that he was Shawn Dawkins. Using this evidence, a reasonable trier of fact could have found beyond a reasonable doubt that Dawkins's conduct violated either OCGA § 16-10-20, a felony, or OCGA § 16-10-25, a misdemeanor.

> Where any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of the two penalties administered. . . . Because the same conduct constituted both a felony and a misdemeanor, the rule of lenity requires that [Dawkins] be subjected to the penalties for the misdemeanor, rather than the felony.

(Citations, punctuation and footnotes omitted.) *Brown v. State*, supra, 276 Ga. at 608-609 (2). We therefore reverse Dawkins's felony conviction for making a false statement and remand for sentencing under the misdemeanor statute.

*Judgment reversed and case remanded for sentencing. Ellington and Adams, JJ., concur.*

DECIDED MARCH 22, 2006.

*William R. Folsom*, for appellant.

*J. David Miller, District Attorney, Laura A. Wood, Assistant District Attorney*, for appellee.