642 S.E.2d 199 (2007)
WASHINGTON
v.
The STATE.
No. A06A2189.
Court of Appeals of Georgia.
February 13, 2007.
*200 Orin L. Alexis, Savannah, for Appellant.
Spencer Lawton, Jr., Dist. Atty., Jennifer L. Parker, Asst. Dist. Atty., for Appellee.
SMITH, Presiding Judge.
A Chatham County grand jury indicted Thomas Washington on one count of sale of a controlled substance and one count of possession of tools for the commission of crime, OCGA § 16-7-20. A jury convicted Washington of the latter charge. The jury was unable, however, to reach a verdict as to the charge of sale of a controlled substance, and a mistrial was declared as to that count. Washington's motion for new trial on the OCGA § 16-7-20 count was denied, and he appeals, asserting the general grounds as well as evidentiary issues and alleged defects in the indictment.
The evidence is sufficient to support the verdict, but the record shows that Washington's conduct could have been charged as a misdemeanor offense of possession of a drug related object, OCGA § 16-13-32.2. Under the "rule of lenity" enunciated by the Georgia Supreme Court in Dixon v. State, 278 Ga. 4, 7(1)(d), 596 S.E.2d 147 (2004), and Brown v. State, 276 Ga. 606, 607(1), 581 S.E.2d 35 (2003), Washington must be subject to the penalty for the misdemeanor, rather than the felony. Accordingly, we reverse Washington's felony conviction for possession of tools for the commission of crime and remand for sentencing under the misdemeanor statute.
1. Washington claims that the indictment failed to give him notice of the crime with which he was charged because it cited the wrong Code section. Because Washington waived this claim by failing to file a demurrer or motion to quash, we cannot consider it. Glass v. State, 267 Ga.App. 129, 131(2), 598 S.E.2d 857 (2004).[1]
*201 2. Washington next asserts that the State failed to show the chain of custody of the crack pipe found on his person. But one of the arresting officers identified it as the crack pipe which "was recovered from Mr. Washington" and described it in detail. "[A]s to items of evidence which are distinct and recognizable physical objects, such that they can be identified by the sense of observation, the rule is that such items are admissible in evidence without the necessity for showing a chain of custody. [Cits.]" Harper v. State, 251 Ga. 183, 185(1), 304 S.E.2d 693 (1983).
Even if proof of the chain of custody were required, the State met its burden. The officer testified that he identified the crack pipe via a sticker with Washington's name and other information, placed that sticker on an evidence bag, and sealed the bag with his signature and that of a witness; he also testified that the bag was maintained in the evidence vault and remained there until he brought it to court. Washington presented no evidence to refute this testimony, and has shown no error in admitting the exhibit. Mosely v. State, 217 Ga.App. 507, 507-508(1), 458 S.E.2d 165 (1995).
3. In two enumerations of error, Washington asserts the general grounds, contending that the verdict is contrary to the weight of the evidence and that his motion for directed verdict should have been granted. We note, however, that "[t]he weight of the evidence is a matter for consideration in the trial court, not this court, which considers the sufficiency of the evidence. [Cit.]" Ellis v. State, 211 Ga.App. 605, 612(11), 440 S.E.2d 235 (1994).
The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction. We view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.
(Citations and punctuation omitted.) Sullivan v. State, 277 Ga.App. 738-739, 627 S.E.2d 437 (2006). So viewed, the evidence showed that undercover agents with the Savannah-Chatham Counter Narcotics Team (CNT) were working in an area of downtown Savannah when they were approached by Washington, who asked them for money and then told them he knew where the agents could get some crack cocaine. He told them he had to get the drugs in a nearby housing project. The agents refused to follow him into the project and told him they would wait for him on the street. Washington returned with another man a short time later and the agents gave him a marked and recorded $20 bill in exchange for two pieces of what appeared to be crack cocaine. Before the exchange, Washington broke off a small piece and explained that it "was his cut in the deal." The agents gave the signal for the takedown, and Washington was arrested.
In the search incident to Washington's arrest, the agents recovered a glass pipe with copper mesh and a metal rod from Washington's person. The agents and a chemist for the State Crime Lab identified it as a "crack pipe" and described its design and use to smoke crack cocaine. One agent described the pipe as "heavily used." The marked $20 bill, however, was not recovered. Washington was out of sight for a short period of time while the agents walked away before the arrest. Washington told the agents that he had dropped the money in the street before being arrested. Washington testified and admitted that he had the glass pipe on his person, but contended that it was a "filter" that he used to smoke hand-rolled cigarettes.
In his brief, Washington argues his version of the facts. But "[t]he jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) Oliver v. State, 278 Ga.App. 425(1), 629 S.E.2d 63 (2006).
*202 Here, while Washington contended the glass pipe was intended for smoking cigarettes, the agents and the chemist identified it as a crack pipe. Washington complains that the pipe was never tested for cocaine residue, but in Jones v. State, 237 Ga.App. 847, 850(3), 515 S.E.2d 841 (1999), we rejected the argument that cocaine residue is the sole method of showing that an item is a "crack pipe" and accepted testimony from a police officer to that effect. In addition, evidence was presented that Washington possessed crack cocaine and took a small piece for himself. Viewed in the light most favorable to the verdict, the evidence was sufficient to authorize a rational trier of fact to find Washington guilty of possession of tools for commission of a crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
4. But this does not end our inquiry. As part of his assertion of the general grounds, Washington argues that he should have been charged under OCGA § 16-13-32.2, possession of a drug related object, rather than OCGA § 16-7-20, possession of tools for the commission of crime. He also raised this issue at trial. We conclude that Washington intended, however inartfully, to assert the "rule of lenity."
The rule of lenity entitles the accused to the lesser of two penalties where the same conduct would support either a felony or misdemeanor conviction. Dixon v. State, 278 Ga. 4, 7(1)(d), 596 S.E.2d 147 (2004). Even though the rule of lenity may apply when the applicable misdemeanor is not a lesser included offense to the charged felony, see Brown v. State, 276 Ga. 606, 607(1), 581 S.E.2d 35 (2003), the essential requirement of the rule of lenity is that both crimes could be proved with the same evidence. Id. at 609(2) [581 S.E.2d 35].
(Emphasis in original.) Quaweay v. State, 274 Ga.App. 657, 658, 618 S.E.2d 707 (2005). Viewing the record as a whole, it is apparent that the same evidence could be used to prove both the offense of possession of a tool for the commission of crime and the offense of possession of a drug related object.
OCGA § 16-13-32.2(a) provides:
It shall be unlawful for any person to use, or possess with the intent to use, any object or materials of any kind for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body marijuana or a controlled substance.
OCGA § 16-7-20(a) provides:
A person commits the offense of possession of tools for the commission of crime when he has in his possession any tool, explosive, or other device commonly used in the commission of burglary, theft, or other crime with the intent to make use thereof in the commission of a crime.
The evidence showed that Washington had in his possession a "device commonly used in the commission of" a crime, possession (by ingestion) of a controlled substance. But the evidence also showed that Washington possessed, with the intent to use, an "object . . . for the purpose of . . . injecting, ingesting, inhaling, or otherwise introducing into the human body . . . a controlled substance." Using this evidence, a reasonable trier of fact could have found beyond a reasonable doubt that Washington's conduct violated both OCGA § 16-7-20, a felony, and OCGA § 16-13-32.2, a misdemeanor.
Where any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of the two penalties administered. . . . Because the same conduct constituted both a felony and a misdemeanor, the rule of lenity requires that [the accused] be subjected to the penalties for the misdemeanor, rather than the felony.
(Citations, punctuation and footnotes omitted.) Brown v. State, supra, 276 Ga. at 608-609(2), 581 S.E.2d 35. See also Dawkins v. State, 278 Ga.App. 343, 629 S.E.2d 45 (2006). We therefore reverse Washington's felony conviction and remand for sentencing under the misdemeanor statute.
*203 Judgment reversed and case remanded for sentencing.
RUFFIN and PHIPPS, JJ., concur.
NOTES
[1] We note that, contrary to Washington's assertion in his brief, the indictment did not allege that Washington possessed the crack pipe for the purpose of selling cocaine, but for the purpose of "possession of a controlled substance."