A07A2162. SELFE v. THE STATE.
(660 SE2d 727)

ANDREWS, Presiding Judge.

Scott D. Selfe, convicted by a jury of one count of computer pornography and child exploitation and one count of obscene internet contact, appeals, contending that the evidence was legally insufficient, the State failed to prove venue, and, based on the rule of lenity, his convictions should have been reduced to electronically furnishing obscene materials to a minor.

1. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

So viewed, the evidence shows that Corporal Heather Lackey was employed by the Peachtree City Police Department in Fayette County, Georgia as a community resource officer focusing on internet crimes against children. She had worked in this capacity for four and a half years before her encounter with Selfe in March 2006.[1]

Lackey pursued investigations by using the computer in her Fayette County office to pose as an underage teen in chat rooms on the internet and engaging in e-mail and instant message conversations. Lackey had established an internet profile as "April" on the website Adult FriendFinder, which listed her age as 20. She listed her age as 20 because, in order to access this website, it was necessary that a visitor list an age over 18 years old. While Lackey was on the internet on March 19, as part of an investigation of another individual, she gave out her "April" e-mail address in the Adult FriendFinder chat room. The next day, she was contacted by Selfe, using the screen name "selfeinterest," by instant message.[2] Selfe was using his computer in his home in Dallas, in Paulding County. During this initial chat, although it was not recorded due to a computer problem, Lackey messaged Selfe that she was, in fact, 15 years old. The next conversations were recorded and transcripts introduced during trial. Also, Lackey used a hand held video camera to record what was appearing on her office computer as she was chatting with Selfe. Early in this second conversation, Lackey told Selfe she had never seen a man naked. In response, Selfe stated that he believed that she was not 18 yet, saying, "[y]our [sic] almost 18 and never seen a guy naked?" At that point, Lackey reminded Selfe of their earlier conversation in

---

[1] Lackey received training at a seminar held at the National Center for Missing and Exploited Children, as well as through the Georgia Bureau of Investigation and the Federal Bureau of Investigation.

[2] Lackey was able to ascertain Selfe's identity by tracing his internet service provider information and contacting that ISP.

which she told him she was 15, although her profile said she was 20. Selfe said he thought she was a little older, but proceeded to chat with Lackey.

The next day, Selfe initiated another exchange. Lackey again referred to her age, lamenting that she did not get to meet people her own age because she was being home schooled. Selfe told Lackey he had to be careful because of the age of consent. Selfe requested a picture of Lackey and she sent him a picture of a teenaged girl. Lackey told Selfe her 15-year-old girlfriend had introduced her to the website and her friend had met some men. After advising Lackey to be careful online, Selfe asked her if she wanted to see a naughty picture. When she answered affirmatively, Selfe sent her a picture of a male penis. Selfe then discussed foreplay and arousal with her at length and webcamed himself masturbating.

At several points during the conversations, Selfe indicated that he would not meet with a 15-year-old girl and that he was even leery of messing around chatting and using the webcam. He also said he would not be the one to take her virginity and that he would "talk s--t about it all day long with you[,] but I won't lay a hand on ya."

Selfe testified and acknowledged his familiarity with sexually explicit websites, use of the webcam and internet communications. Asked if he believed the person with whom he was communicating was less than 16, Selfe said he was "[s]keptical at best." He also acknowledged that he was masturbating on the webcam for somebody he did not know.

The argument made by Selfe regarding legal insufficiency of the evidence is addressed only to Count 1, and that is all we address.[3] That count charged that Selfe violated OCGA § 16-12-100.2 (d) (1) in that he

> did intentionally and willfully utilize a computer on-line service, to wit: MSN Hotmail and MSN Instant Message, to solicit a person believed by said accused to be a fifteen year old child to engage in *conduct which would constitute a violation of O.C.G.A. § 16-6-4 by enticing said person to witness the defendant's act of masturbation, and [sic] act which would constitute an immoral and indecent act in the presence of a child. . . .*

(Emphasis supplied.)

---

[3] Count 2 charged a violation of OCGA § 16-12-100.2 (e) (1) in that Selfe utilized MSN Hotmail and MSN Instant Messenger to contact a person believed to be a 15-year-old female and that this contact contained explicit verbal descriptions of sexual conduct which were intended to arouse and satisfy the sexual desires of Selfe.

Selfe, citing *Vines v. State*, 269 Ga. 438 (499 SE2d 630) (1998), argues that, based on the language of the indictment and the invocation of the child molestation statute, it was necessary for the State to prove that Selfe and "April" were in the physical presence of each other in order to sustain this charge. We agree.

OCGA § 16-12-100.2 (d) (1) provides that

> [i]t shall be unlawful for any person intentionally or willfully to utilize a computer on-line service or Internet service, including but not limited to a local bulletin board service, Internet chat room, e-mail, on-line messaging service, or other electronic device, to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice a child or another person believed by such person to be a child to commit any illegal act described in Code Section 16-6-2, relating to the offense of sodomy or aggravated sodomy; *Code Section 16-6-4, relating to the offense of child molestation or aggravated child molestation*; Code Section 16-6-5, relating to the offense of enticing a child for indecent purposes; or Code Section 16-6-8, relating to the offense of public indecency or to engage in any conduct that by its nature is an unlawful sexual offense against a child.

(Emphasis supplied.)

While there are several methods provided in this statute for committing the crime, having chosen a specific one,[4] the State is required to prove that method.

> Averments in an indictment as to the specific manner in which a crime was committed are not mere surplusage. Such averments must be proved as laid, or the failure to prove the same will amount to a fatal variance and a violation of the defendant's right to due process of law.

(Citations and punctuation omitted.) *Talton v. State*, 254 Ga. App. 111, 112 (1) (561 SE2d 139) (2002).

The writ of certiorari was granted in *Vines* to determine "whether the crime of child molestation can be committed when the *only contact* between the accused and the alleged victim was *by telephone*." (Emphasis supplied.) *Vines v. State*, supra at 438. The Supreme Court found that "the victim and accused *must be together* in order for the

---

[4] The State may, of course, indict more than one method of committing the crime and prove any one of the methods alleged. *Carrell v. State*, 261 Ga. App. 485, 486 (583 SE2d 167) (2003).

crime of 'child molestation' to be committed." (Emphasis supplied.) Id. at 439.[5] Because both telephone and computer communications are by electronic transmissions, we are unable to distinguish the two modes as it relates to the necessity of "presence" for the purpose of proving child molestation.

The only proof being that Selfe was in Paulding County and Lackey was in Fayette County, the State has failed to show that Selfe and Lackey were in the "presence" of each other, and this conviction must be reversed.

2. In his second enumeration of error, Selfe contends that the State failed to prove venue in Fayette County on both Counts 1 and 2. Because of our decision in Division 1, we consider this argument only with regard to Count 2.

That count alleged that Selfe, in Fayette County,

did intentionally and willfully utilize a computer on-line service, . . . to contact a person believed by said accused to be a 15 year old female child, and said contact contained explicit verbal descriptions of sexual conduct which were intended to arouse and satisfy the sexual desires of said accused. . . .

Although there is no authority directly on point, we are persuaded by the Supreme Court's recent decision in *Patel v. State*, 282 Ga. 412 (651 SE2d 55) (2007), that use of computer online services in Fayette County by Selfe, even though he was in Paulding County, is sufficient to prove venue. As stated in *Patel v. State*, supra at 412-413 (1),

[t]he jury was authorized to find that appellant, while *at his business in Cherokee County*, used his computer to enter an adult chat room where he struck up a conversation with a participant who claimed to be a thirteen-year-old girl but who was actually 29-year-old Cpl. Heather Lackey of the Peachtree City Police Department. During their private chat using an Internet instant messaging service, Lackey repeatedly told appellant that she was thirteen years old; appellant acknowledged this information. *Appellant nevertheless utilized computer on-line services in Fayette County* to solicit from Lackey acts of fellatio and cunnilingus. During the course of their on-line contact *he also transmitted*

---

[5] We note that the policy arguments put forth by the State were also made and considered in *State v. Vines*, 226 Ga. App. 779, 780-782 (487 SE2d 521) (1997). While persuasive to this Court, they were not to the Supreme Court.

*messages containing sexually explicit photographs to Lackey in Fayette County.* The evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of violating subsections (d) (1) and (e) (1) of OCGA § 16-12-100.2 as charged. *Jackson v. Virginia,* [supra].

(Emphasis supplied.)

Therefore, there was sufficient proof of venue in Fayette County and this enumeration is without merit.

3. Finally, Selfe argues that, pursuant to the rule of lenity, his conviction under Count 2[6] should only be for the misdemeanor offense of furnishing obscene material to a minor, OCGA § 16-12-100.1 (b) (1) (B).

That section provides that a person violates it by

[k]nowing or having good reason to know the character of the material furnished, the person electronically furnishes to an individual whom the person knows or should have known is a minor: . . . [a]ny written or aural matter that contains material [which, taken as a whole, predominantly appeals to the prurient, shameful, or morbid interest of minors] or contains explicit verbal descriptions or narrative accounts of sexual conduct, sexual excitement, or sadomasochistic abuse.

Count 2 charged Selfe with using MSN Hotmail and MSN Instant Messenger to contact a person believed to be a 15-year-old female and that the contact contained explicit verbal descriptions of sexual conduct which were intended to arouse and satisfy the sexual desires of Selfe.

The rule of lenity entitles the accused to the lesser of two penalties where the *same* conduct would support either a felony or misdemeanor conviction. *Dixon v. State,* 278 Ga. 4, 7 (1) (d) (596 SE2d 147) (2004). Even though the rule of lenity may apply when the applicable misdemeanor is not a lesser included offense to the charged felony, see *Brown v. State,* 276 Ga. 606, 607 (1) (581 SE2d 35) (2003), the essential requirement of the rule of lenity is that both crimes could be proved with the same evidence. Id. at 609 (2).

---

[6] The argument made addresses both Counts 1 and 2. Considering our decision in Division 1, supra, however, we address only Count 2.

(Emphasis in original.) *Quaweay v. State*, 274 Ga. App. 657, 658 (618 SE2d 707) (2005).

Here, as argued by the State, Count 2 required not only proof that Selfe furnished the matter to someone he believed was 15 years old, but that he did it with the intent to arouse and satisfy his own sexual desires, an element not included in the misdemeanor offense. See *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006).

Therefore, the rule of lenity is not applicable to this case and Selfe's conviction of Count 2 is affirmed.

*Judgment affirmed in part and reversed in part. Ellington and Adams, JJ., concur.*

DECIDED JANUARY 30, 2008 —
RECONSIDERATION DISMISSED APRIL 9, 2008 — 

*Sexton, Key & Hendrix, Joseph S. Key*, for appellant.

*Scott L. Ballard, District Attorney, Randall K. Coggin, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.