**November 18, 2015**

# In the Court of Appeals of Georgia

A15A1052. GORDON v. THE STATE.

DILLARD, Judge.

Kyle Lee Gordon appeals from the trial court's decision to sentence him on a conviction for the felony offense of making a false statement[1] after rejecting his argument that the rule of lenity applied such that he should be sentenced instead for the misdemeanor offense of making a false report of a crime.[2] Because we agree with Gordon that the rule of lenity applies, we reverse.

The record reflects that, after waiving his right to a jury trial, Gordon pleaded guilty to one count of hit and run,[3] but entered into a stipulation of facts on a felony

---

[1] See OCGA § 16-10-20.

[2] See OCGA § 16-10-26.

[3] See OCGA § 40-6-270.

charge of making a false statement, arguing that the rule of lenity applied to the charged offense. The trial court found Gordon guilty of the charged offense of making a false statement and, following argument by Gordon and the State, rejected Gordon's argument that he should be sentenced for the misdemeanor of making a false report of a crime.

The facts, as stipulated to by the parties at the bench trial, establish that Gordon was driving a truck on the day in question while transporting four passengers, some of whom were riding in the bed of the truck. While driving, Gordon inhaled fumes from an aerosol can and subsequently collided with and caused damage to another motor vehicle. Gordon, however, left the scene of the accident.[4]

To explain the damage that his vehicle sustained, Gordon subsequently told law enforcement that *his* vehicle had been struck by another vehicle that was then driven away by the other driver.[5] Gordon also provided a signed statement to law enforcement, confirming this information; but he later admitted to the same officers that this statement was untrue. At his arrest, Gordon was charged with leaving the

---

[4] This served as the foundation for Gordon's violation of OCGA § 40-6-270.

[5] The record does not indicate how or why Gordon came to be in contact with law enforcement after leaving the scene of the hit and run.

2

scene of an accident, following too closely, intentionally inhaling fumes from an air duster, and making a false report of a crime. However, he was later indicted for hit and run in violation of OCGA § 40-6-270 and making a false statement in violation of OCGA § 16-10-20.

This appeal by Gordon follows, in which he takes issue with the trial court's determination that the rule of lenity does not apply such that he should be sentenced for the misdemeanor of making a false report of a crime rather than the felony of making a false statement. In so concluding, the trial court relied upon this Court's prior decision in *Reese v. State*.[6] Specifically, the trial court concluded that *Reese* was "on all fours" with the case *sub judice* and, although a more recent decision by this Court in *McNair v. State*[7] "casts a shadow" over *Reese*, that *Reese* had not been overruled and was still binding authority.[8] Because we agree with Gordon that the rule of lenity applies, we reverse the trial court's ruling, and in doing so overrule *Reese*, which was wrongly decided on this issue.

---

[6] 296 Ga. App. 186 (674 SE2d 68) (2009).

[7] 326 Ga. App. 516 (757 SE2d 141) (2014).

[8] *See* Court of Appeals Rule 33 (a).

We begin by recognizing, as our Supreme Court has explained, that the rule of lenity finds its roots in the vagueness doctrine, "which requires fair warning as to what conduct is proscribed."[9] The rule of lenity, more specifically, ensures that if and when an ambiguity exists in one or more statutes, such that the law exacts varying degrees of punishment for the same offense, "the ambiguity [will be] resolved in favor of [a] defendant, who will then receive the lesser punishment."[10] But if after applying the traditional canons of statutory construction the relevant text remains

---

[9] *McNair v. State*, 293 Ga. 282, 283 (745 SE2d 646) (2013) (punctuation omitted); *see also United States v. Lanier*, 520 U.S. 259, 266 (II) (117 SCt 1219, 137 LE2d 432) (1997) ("[A]s a sort of 'junior version of the vagueness doctrine,' . . . the canon of strict construction of criminal statutes, or rule of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered." (citation omitted)); ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 299 (1st ed. 2012) (noting that the rule-of-lenity canon is justified by the well-established precept that "when the government means to punish, its commands must be reasonably clear").

[10] *McNair*, 293 Ga. at 283-84 (punctuation omitted); *see also Dixon v. State*, 278 Ga. 4, 7 (1) (d) (596 SE2d 147) (2004) ("The rule derives from the instinctive distaste against men languishing in prison unless the lawmaker has clearly said that they should." (punctuation omitted)); *Brown v. State*, 276 Ga. 606, 608-09 (2) (581 SE2d 35) (2003) ("Where any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of the two penalties administered." (punctuation omitted)).

4

unambiguous, the rule of lenity will not apply.[11] The fundamental inquiry when making this assessment, then, is whether the identical *conduct* would support a conviction under either of two crimes with differing penalties,[12] *i.e.*, whether the

---

[11] *See McNair*, 293 Ga. at 284; *Banta v. State*, 281 Ga. 615, 617 (2) (642 SE2d 51) (2007); *see also United States v. Shabani*, 513 U.S. 10, 17 (II) (115 SCt 382, 130 LE2d 225) (1994) ("The rule of lenity, however, applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute." (citation and punctuation omitted)); *U.S. v. Johnson*, 655 F.3d 594, 606 (II) (B) (2) (7th Cir. 2011) (holding that the rule of lenity does not require a court to read a criminal statute "more narrowly than its plain terms suggest"). *But see* SCALIA & GARNER, *supra* note 9, at 298 ("The main difficulty with the rule of lenity is the uncertainty of its application. Its operation would be relatively clear if the rule were automatically applied at the outset of the textual inquiry, before any other rules of interpretation were invoked to resolve ambiguity. Treating it as a clear-statement rule would comport with the original basis for the canon and would provide considerable certainty. But that is not the approach the cases have taken.").

[12] *See Banta*, 281 Ga. at 618 (2) ("Simply put, the two statutes do not define the same offense[;] . . . [t]hus, the two defined crimes do not address the same criminal *conduct*, there is no ambiguity created by different punishments being set forth for the same crime, and the rule of lenity does not apply." (citations omitted) (emphasis supplied)); *Dixon*, 278 Ga. at 6 (1) (a) (applying rule of lenity when "the State retained the discretion to prosecute the exact same *conduct* as either" a misdemeanor or a felony (emphasis supplied)); *see also Dawkins v. State*, 278 Ga. App. 343, 345 (629 SE2d 45) (2006) ("[T]he essential requirement . . . is that both crimes could be proved with the same evidence." (punctuation omitted)).

5

statutes "define the same offense"[13] such that an "ambiguity [is] created by different punishments being set forth for the same crime."[14]

In explaining the appropriate analysis to apply in making this assessment, however, the Supreme Court of Georgia has cautioned that simply because "a single act may, as a factual matter, violate more than one penal statute does not implicate the rule of lenity."[15] By way of example, our Supreme Court has emphasized that,

> depending upon attendant circumstances, it is possible for the act of striking another person with an object to meet the definitions of each of the crimes of: simple battery, OCGA § 16-5-23, a misdemeanor; aggravated battery, OCGA § 16-5-24, a felony; simple assault, OCGA § 16-5-20, a misdemeanor; aggravated assault, OCGA § 16-5-21, a felony; and malice murder, OCGA § 16-5-1, a felony.[16]

---

[13] *Banta*, 281 Ga. at 618 (2).

[14] *Id.*

[15] *Id.*

[16] *Id.* (citing *Green v. State*, 279 Ga. 455 (614 SE2d 751) (2005); *Washington v. State*, 274 Ga. 428 (554 SE2d 173) (2001); *Jackson v. State*, 272 Ga. 429 (531 SE2d 700) (2000); *Rittenhouse v. State*, 272 Ga. 78 (526 SE2d 342) (2000); *Spear v. State*, 270 Ga. 628 (513 SE2d 489) (1999)).

In the foregoing circumstance, a defendant could be prosecuted for multiple crimes.[17]

But when a defendant is prosecuted for and convicted of multiple crimes based upon a single act, "the injustice that must be avoided is *sentencing* the defendant for more than one crime following his conviction of multiple crimes based upon the same act."[18]

When a defendant is convicted of multiple crimes based upon the same act, "the principle of factual merger operates to avoid the injustice."[19] In *Drinkard v. State*,[20] our Supreme Court of Georgia adopted the "required evidence" test set forth by the Supreme Court of the United States to resolve these situations.[21] Thus, to determine whether convictions for multiple crimes merge for purposes of sentencing,

---

[17] *See* OCGA § 16-1-7 (a) ("When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if[ ] [o]ne crime is included in the other . . . ."); *Banta*, 281 Ga. at 618 (2).

[18] *Banta*, 281 Ga. at 618 (2); *see also State v. Tiraboschi*, 269 Ga. 812, 813-14 (504 SE2d 689) (1998).

[19] *Banta*, 281 Ga. at 618 (2); *see also Young v. State*, 280 Ga. 65, 66-67 (2) (623 SE2d 491) (2005); *Montes v. State*, 262 Ga. 473, 474 (1) (421 SE2d 710) (1992).

[20] 281 Ga. 211 (636 SE2d 530) (2006).

[21] *Id.* at 214; *see also Blockburger v. United States*, 284 U.S. 299 (52 SCt 180, 76 LEd 306) (1932).

7

"'[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'"[22]

And while the foregoing analysis employed in the context of merger may be helpful in assessing whether two statutes criminalize the same conduct by defining the same offense,[23] the "required evidence" test for merger, as established in

---

[22] *Drinkard*, 281 Ga. at 215 (quoting *Blockburger*, 284 U.S. at 304).

[23] *See, e.g.*, *Chynoweth v. State*, 331 Ga. App. 123, 126 (2) (768 SE2d 536) (2015) (holding that OCGA § 16-10-56 (a), riot in a penal institution, and OCGA § 16-10-24 (b), obstruction of a law-enforcement officer by offering violence, "do not define the same offense and are unambiguous"); *McNair*, 326 Ga. App. at 521 ("The [ ] same operative facts satisfy the essential elements of both OCGA § 16-9-31 (a) (1) and OCGA § 16-9-121 (a) (1), neither of which requires proof of any fact that the other does not. Thus, although there are other ways in which either crime could have been committed, [the appellant's] conduct, as charged, subjected him to prosecution and sentencing under both OCGA § 16-9-31(a) (1) and OCGA § 16-9-121 (a) (1). And because these statutes provide different grades of punishment for the same criminal acts, [the appellant] is entitled to the rule of lenity." (footnotes omitted)); *Metts v. State*, 297 Ga. App. 330, 336-37 (6) (677 SE2d 377) (2009) (looking to elements of offenses of child molestation and furnishing or disseminating harmful material to a minor to determine that the statutes at issue criminalized different conduct), *abrogated on other grounds by Stephens v. State*, 289 Ga. 758 (716 SE2d 154) (2011); *Velasquez v. State*, 276 Ga. App. 527, 528-29 (1) (623 SE2d 721) (2005) (looking to the elements of offenses of possessing a false ID and of forgery in the second degree to determine that because the two offenses "plainly require different conduct," the rule of lenity did not apply (*i.e.*, the forgery statute required "intent to

8

*Drinkard*, is *not* the test that determines whether the rule of lenity applies.[24] But in

*Selfe v. State*,[25] this Court cited to and relied upon *Drinkard* to conclude that the rule

of lenity did not apply (a conclusion which was, nevertheless, correct).[26] We now

disapprove of *Selfe* to the extent that it can possibly be read to hold that the *Drinkard*

"required evidence" test is *the* test to be used for rule-of-lenity analysis.

---

defraud" while the false ID statute only required that the defendant "knowingly possess, display, or use any false, fictitious, fraudulent, or altered identification document")); *see also White v. State*, 319 Ga. App. 530, 532-33 (2) (737 SE2d 324) (2013).

[24] *Cf. Banta*, 281 Ga. at 618 (2) (analyzing whether the rule of lenity applied to two statutes and determining that it did not because "the two statutes do not define the same offense," then proceeding to explain that when a single act violates more than one penal statute as a *factual* matter, this does not implicate the rule of lenity because the injustice in that situation is avoided by application of the principle of factual merger).

[25] 290 Ga. App. 857 (660 SE2d 727) (2008).

[26] *Id*. at 863 (3) (relying upon *Drinkard* to support the holding that, "[h]ere, as argued by the State, Count 2 required not only proof that [the defendant] furnished the matter to someone he believed was 15 years old, but that he did it with the intent to arouse and satisfy his own sexual desires, an element not included in the misdemeanor offense"); *see also Walker v. State*, 289 Ga. App. 879, 881-82 (5) (658 SE2d 375) (2008) (limiting analysis of whether rule of lenity applied to a determination that one statute required, among other things, an element that was not a required element of the other statute).

9

Instead, *Quaweay v. State*,[27] from which *Selfe* quotes,[28] provides a more complete explanation as to how examining a statute's elements and, thus, the evidence required to obtain a conviction under a statute, can inform the analysis of whether two statutes criminalize the same conduct. In *Quaweay*, we explained that the essential requirement of the rule of lenity is that "both crimes could be proved with the same evidence."[29] In support of this proposition, we cited to the Supreme Court of Georgia's decision in *Brown v. State*,[30] which, in relevant part, holds that "[b]ecause the same *conduct* constituted both a felony and a misdemeanor, the rule

---

[27] 274 Ga. App. 657 (618 SE2d 707) (2005).

[28] 290 Ga. App. at 862 (3).

[29] 274 Ga. App. at 658; *see Dawkins*, 278 Ga. App. at 345 (quoting *Quaweay* for the same proposition); *Washington v. State*, 283 Ga. App. 570, 572-73 (4) (642 SE2d 199) (2007) (same); *Johnson v. State*, 283 Ga. App. 99, 107 (5) (640 SE2d 644) (2006) (same); *see also McNair*, 326 Ga. App. at 519 (relying upon *Quaweay*'s progeny for the same proposition); *White*, 319 Ga. App. at 532 (2) (same); *Rollf v. State*, 314 Ga. App. 596, 598 (2) (b) (724 SE2d 881) (2012) (same), *disapproved of on other grounds by McNair*, 293 Ga. 282; *Snow v. State*, 318 Ga. App. 131, 134 (2) (733 SE2d 428) (2012) (same); *Staib v. State*, 309 Ga. App. 785, 793 (3) (711 SE2d 362) (2011) (same); *Rouen v. State*, 312 Ga. App. 8, 11 (3) (717 SE2d 519) (2011) (same), *disapproved of on other grounds by McNair*, 293 Ga. 282; *Falagian v. State*, 300 Ga. App. 187, 190-91 (2) (684 SE2d 340) (2009) (same), *disapproved of on other grounds by McNair*, 293 Ga. 282; *Diaz v. State*, 296 Ga. App. 589, 591 (1) (676 SE2d 252) (2009) (same).

[30] 276 Ga. 606, 609 (2) (581 SE2d 35) (2003).

of lenity require[d] that [the appellant] be subjected to the penalties for the misdemeanor, rather than the felony."[31] And earlier in *Brown*, our Supreme Court determined that, "[u]sing the same evidence, a reasonable trier of fact could have found beyond a reasonable doubt that [the defendant's] conduct violated" either of two statutes.[32] Thus, having determined that the conduct for which the defendant was indicted and convicted "would have supported either a felony or misdemeanor conviction, [the Supreme Court] next examine[d] the consequences of this overlap,"[33] and determined that the rule of lenity applied.[34]

Turning to *Reese v. State*,[35] there, we erroneously relied solely upon *Selfe*'s use of the *Drinkard* analysis to conclude that the rule of lenity does not apply to the same statutes at issue in this case. In *Reese*, the totality of our analysis on this question was as follows:

---

[31] *Id.* (emphasis supplied).

[32] *Id.* at 608 (1) (b).

[33] *Id.*

[34] *Id.* at 609 (2).

[35] 296 Ga. App. 186 (674 SE2d 68) (2009).

11

Reese was convicted of making a false statement under OCGA § 16-10-20, which provides that a person who "knowingly and willfully" makes a false statement ["]in any matter within the jurisdiction of any department or agency of state government or of the government of any county, city, or other political subdivision of this state shall, upon conviction thereof, be punished by a fine of not more than $1,000.00 or by imprisonment for not less than one nor more than five years, or both.["] Neither the false report of a crime statute nor the false report of a theft statute (OCGA §§ 16-10-26 and 40-3-92) contains the false statement statute's element that the falsity concern a matter within the jurisdiction of a governmental entity. For this reason, the rule of lenity cannot apply.[36]

Because we erred in reaching that conclusion, as will be clear from our analysis *infra*, we now overrule *Reese.*

In this matter, in order to assess whether the rule of lenity applies, we necessarily begin our analysis with "familiar and binding canons of construction."[37] Indeed, in considering the meaning of a statute, our charge as an appellate court is to

---

[36] *Id.* at 187-88 (3) (a) (punctuation omitted).

[37] *Martinez v. State*, 325 Ga. App. 267, 273 (2) (750 SE2d 504) (2013); *see also* OCGA § 1-3-1.

12

"'presume that the General Assembly meant what it said and said what it meant.'"[38]

To that end, we must "afford the statutory text its plain and ordinary meaning, consider the text contextually, and read the text in its most natural and reasonable way, as an ordinary speaker of the English language would."[39] In other words, when the language of a statute is plain and susceptible of only one natural and reasonable construction, "courts must construe the statute accordingly."[40] Finally, we are also mindful of our duty to "construe statutes to give sensible and intelligent effect to all

---

[38] *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (quoting *Arby's Restaurant Group, Inc. v. McRae*, 292 Ga. 243, 245 (1) (734 SE2d 55) (2012)); *accord Martinez*, 325 Ga. App. at 273 (2); *see also* OCGA § 1-3-1 (b) ("In all interpretations of statutes, the ordinary signification shall be applied to all words . . . . ").

[39] *Martinez*, 325 Ga. App. at 273 (2) (footnotes and punctuation omitted); *see Deal*, 294 Ga. at 172 (1) (a) ("[W]e must afford the statutory text its plain and ordinary meaning[.]" (punctuation omitted)); *Luangkhot v. State*, 292 Ga. 423, 424 (1) (736 SE2d 397) (2013) ("[T]he ordinary signification shall be applied to all words." (punctuation omitted)); *Hendry v. Hendry*, 292 Ga. 1, 3 (1) (734 SE2d 46 (2012) ("When we consider the meaning of a statutory provision, we do not read it in isolation, but rather, we read it in the context of the other statutory provisions of which it is a part.").

[40] *Luangkhot*, 292 Ga. at 424 (1) (punctuation omitted); *accord Martinez*, 325 Ga. App. at 273 (2); *see also Deal*, 294 Ga. at 173 (1) (a) ("[I]f the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end." (punctuation omitted)).

13

of their provisions and to refrain from any interpretation which renders any part of the statutes meaningless."[41]

Turning to the statutes at issue, the felony offense of making a false statement, for which Gordon was indicted, convicted, and sentenced, is committed when a person "knowingly and willfully . . . makes a false, fictitious, or fraudulent statement or representation[ ] . . . in any matter within the jurisdiction of any department or agency of state government or of the government of any county, city, or other political subdivision of this state . . . ."[42] But Gordon argued below, and argues yet again on appeal, that the rule of lenity required that he be sentenced for committing the misdemeanor offense of making a false report of a crime, which is committed when a person "willfully and knowingly gives or causes a false report of a crime to be given to any law enforcement officer or agency of this state . . . ."[43]

---

[41] *R.D. Brown Contractors, Inc. v. Bd. of Educ. of Columbia Cty.*, 280 Ga. 210, 212 (626 SE2d 471) (2006) (punctuation omitted); *accord Motors Acceptance Corp. v. Rozier*, 278 Ga. 52, 53 (1) (597 SE2d 367) (2004); *State v. English*, 276 Ga. 343, 348 (578 SE2d 413) (2003).

[42] OCGA § 16-10-20.

[43] OCGA § 16-10-26.

In *Banta v. State*,[44] our Supreme Court determined that the rule of lenity does not apply as between the statutes criminalizing the making a false statement[45] and misdemeanor obstruction of an officer[46] because the two statutes do not criminalize the same conduct.[47] The Court observed that the misdemeanor obstruction statute "may be violated in a number of ways; it does not require deception or a false representation."[48] But conversely, it is not possible for the State to "establish that OCGA § 16-10-20 has been violated without establishing a deceitful act."[49] The Court thus concluded that the two statutes do not criminalize the same conduct.

On the other hand, in *Dawkins v. State*,[50] this Court concluded that the rule of lenity applies as between the statutes that criminalize the making of a false

---

[44] 281 Ga. 615 (642 SE2d 51) (2007).

[45] *See* OCGA § 16-10-20.

[46] *See* OCGA § 16-10-24 (a).

[47] *Banta*, 281 Ga. at 617-18 (2).

[48] *Id.* at 618 (2).

[49] *Id.*

[50] 278 Ga. App. 343 (629 SE2d 45) (2006).

15

statement[51] and giving a false name to a police officer.[52] There, we determined that, viewing the transaction between the defendant and the police officer as a whole, it was "apparent that the same evidence could be used to prove both the offense of giving a false name and the offense of making a false statement" and that "[u]sing this evidence, a reasonable trier of fact could have found beyond a reasonable doubt that [the defendant's] conduct violated either OCGA§ 16-10-20, a felony, or OCGA § 16-10-25, a misdemeanor."[53] Thus, the same conduct constituted both a felony and a misdemeanor, and the rule of lenity applied due to the uncertainty of which penal statute applied.[54]

Here, the State accused Gordon, via indictment, of making a false statement in violation of OCGA § 16-10-20, in that he "did knowingly and willfully make a false statement, to wit: that his vehicle had been hit by another vehicle near Dalton High

---

[51] *See* OCGA § 16-10-20.

[52] *See* OCGA § 16-10-25 ("A person who gives a false name, address, or date of birth to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity or birthdate is guilty of a misdemeanor.").

[53] *Dawkins*, 278 Ga. App. at 345-46.

[54] *Id.* at 346.

16

School, in a matter within the jurisdiction of the government of a city, to wit: the City

of Dalton Police Department . . . ." Upon review of the two statutes at issue, although

there are many ways that the crime of making a false statement may be committed,[55]

Gordon's conduct, as charged, subjected him to prosecution and sentencing under

---

[55] *See Haley v. State*, 289 Ga. 515, 527 (2) (b) (712 SE2d 838) (2011) (holding that OCGA § 16-10-20 requires "proof that the defendant knowingly and willfully made a false statement and that he knowingly and willfully did so in a matter within the jurisdiction of a state or local department or agency," but also noting that OCGA § 16-10-20 "does not require proof that the defendant made the false statement directly to the government agency, although in such cases it would normally be undisputed that the defendant knew and intended that the statement came within the jurisdiction of the agency"); *Watkins v. State*, 191 Ga. App. 87, 89 (2) (381 SE2d 45) (1989) ("By stating to the officer that [someone else] had been driving the truck, when, in fact, appellant had been the driver, appellant made a false statement in a matter within the jurisdiction of a department of state government. [OCGA § 16-10-20] was intended to discourage the making of affirmatively false statements." (citation omitted)).

both OCGA § 16-10-20 and OCGA § 16-10-26.[56] Indeed, Gordon willfully and

knowingly made a false statement to law-enforcement officers by falsely reporting to

those officers a crime that he alleged to have occurred in their jurisdiction.[57] Thus,

because these two statutes provide different grades of punishment for the same

[56] *See McNair*, 326 Ga. App. at 521 ("[A]lthough there are other ways in which either crime could have been committed, [the defendant's] conduct, as charged, subjected him to prosecution and sentencing under both [statutes at issue]."); *see also* ROBERT E. CLEARY, JR., KURTZ CRIMINAL OFFENSES & DEFENSES IN GEORGIA, Impending Arrest or Prosecution (III) (F) (False Report of a Crime) (2014 ed.) ("The final provision which punishes interference with arrest or prosecution of a criminal offense is § 16-10-26 which makes it a misdemeanor to give a false report or cause a false report of crime to be given to a law enforcement officer or agency of the state. The behavior it punishes seems likely to be identical to that under the crime of false statements, § 16-10-20, which is a felony." (footnote omitted)).

[57] *See* OCGA § 16-10-20 (providing that a person makes a false statement when he or she "knowingly and willfully . . . makes a false, fictitious, or fraudulent statement or representation[ ] . . . in any matter within the jurisdiction of any department or agency of state government or of the government of any county, city, or other political subdivision of this state . . . ."); OCGA § 16-10-26 (providing that a person makes a false report of a crime when he or she "willfully and knowingly gives or causes a false report of a crime to be given to any law enforcement officer or agency of this state . . . ."). The State's argument that the indictment could not support a conviction for false report of a crime is unavailing. Specifically, the State contends that the rule-of-lenity argument is not ripe for discussion because the indictment does not charge Gordon "with the statement that the other person, whom stuck [sic] his vehicle, left the scene and failed to exchange the information required under OCGA § 40-6-270." Pretermitting the fact that the State fails to support this argument with citation to authority, even if Gordon had made only a bare (false) assertion that another vehicle struck his, this would suggest a violation of any number of the uniform rules of the road by one or both drivers. *See* OCGA § 40-6-1 et seq.

criminal conduct, Gordon is entitled to the rule of lenity.[58] We therefore reverse Gordon's conviction for felony false statement and remand for resentencing under the misdemeanor false-report-of-a-crime statute.[59]

*Judgment reversed and case remanded for resentencing. Doyle, C. J., Andrews, P. J., Barnes, P. J., Ellington, P. J., Phipps, P. J., Miller, McFadden, Boggs, Ray, Branch and McMillian, JJ., concur.*

---

[58] *See Dixon*, 278 Ga. at 7 (1) (d); *McNair*, 326 Ga. App. at 521; *Dawkins*, 278 Ga. App. at 346.

[59] *See McNair*, 326 Ga. App. at 521; *Dawkins*, 278 Ga. App. at 346.