A10A0494. DOBBS v. THE STATE.

(691 SE2d 387)

JOHNSON, Presiding Judge.

A jury found Matthew Dobbs guilty of four counts of aggravated assault on a police officer, four counts of obstruction of a police officer, and several drug and traffic offenses. Dobbs appeals from the convictions entered on the verdict, alleging that (i) the evidence was insufficient to sustain his conviction for one of the counts of aggravated assault on a police officer, (ii) the trial court erred in

---

YALE LAW LIBRARY

failing to merge the convictions for obstruction into the convictions for aggravated assault, and (iii) the trial court erred in sentencing him as a recidivist. For the reasons provided below, we affirm in part, reverse in part, and remand to the trial court for resentencing.

1. Dobbs first claims that the evidence was insufficient to support his conviction for one of the counts of aggravated assault on a police officer. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or determine the credibility of witnesses, but only determine if the evidence is sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

Here, the record shows that on September 18, 2007, a corporal with the Carroll County Sheriff's Department conducted a traffic stop of Dobbs' vehicle for failing to stop at a stop sign. While the corporal's partner spoke with the passenger of the vehicle, the corporal spoke with the driver, who was later identified as Dobbs. Dobbs appeared nervous and smelled of alcohol, and two additional police officers arrived to assist with the traffic stop.

As one of the assisting deputies spoke with Dobbs, Dobbs informed him that he had a knife. However, when the deputy attempted to conduct a pat-down frisk for weapons, Dobbs resisted and began to walk away. When the deputy told Dobbs to stop, Dobbs began to run away and the deputy tackled him. The other three officers responded to the deputy's call for assistance. After the four officers struggled on the ground to restrain Dobbs, who was holding the knife in his right hand, the deputy was able to secure the knife and Dobbs was arrested.

Dobbs claims that insufficient evidence supports his conviction for assaulting the corporal with the knife. While Dobbs cites to testimony implying that the deputy had secured the knife by the time the corporal joined the struggle, other testimony indicated that the corporal was lying on top of Dobbs and attempting to restrain him while Dobbs continued to wield the knife against all four police officers. Even if we were to consider the testimony provided by the police officers to be inconsistent, conflict in the testimony of witnesses is for resolution by the jury, and not this Court, and the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Dobbs committed an assault upon the corporal with the knife while the corporal was engaged in his official duties.[3]

---

[1] *Sapp v. State*, 273 Ga. 472, 473 (543 SE2d 27) (2001).

[2] Id.

[3] OCGA § 16-5-21 (c); see also *Scott v. State*, 190 Ga. App. 492, 493-494 (1) (379 SE2d 199) (1989).

2. Dobbs claims that the trial court erred in failing to merge his convictions for four counts of obstruction into the convictions for four counts of aggravated assault on a police officer. We agree.

OCGA § 16-1-7 (a) affords a defendant with substantive double jeopardy protection by prohibiting multiple convictions and punishments for the same offense, and OCGA § 16-1-7 (a) (1) prohibits a defendant from being convicted of more than one crime if one crime is included in another.[4] Obstruction of a police officer is "included in" the crime of aggravated assault on a police officer when the former "is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission" of the latter.[5]

Here, each count of the crime of obstruction was established by proof of the same or less than all the facts required to establish each count of the crime of aggravated assault, and the state concedes that the trial court erred in failing to merge the convictions for obstruction into the convictions for aggravated assault on a police officer. Accordingly, Dobbs' convictions for obstruction and the sentences imposed thereon must be vacated, and the case must be remanded to the trial court for resentencing.[6]

3. Dobbs also claims the trial court erred in sentencing him as a recidivist based on purported prior guilty pleas pursuant to OCGA § 17-10-7 (c). We agree.

When the state seeks recidivist sentencing based on a prior guilty plea, the burden is on the state to prove both the existence of the prior guilty plea and that the defendant was represented by counsel in all felony cases and those misdemeanor proceedings where imprisonment resulted.[7] Here, the state concedes that it did not introduce any evidence that Dobbs had previously pled guilty or been convicted of any crime. As a result, the trial court erred in sentencing Dobbs as a recidivist, and we direct the trial court to resentence Dobbs accordingly.

*Judgment affirmed in part and reversed in part, and case remanded for resentencing. Miller, C. J., and Phipps, J., concur.*

DECIDED MARCH 4, 2010.

*Drummond & Swindle, Jason W. Swindle, Word & Simmons, Maryellen Simmons*, for appellant.

---

[4] *Drinkard v. Walker*, 281 Ga. 211, 212 (636 SE2d 530) (2006).

[5] OCGA § 16-1-6 (1).

[6] See *Carter v. State*, 285 Ga. 394, 399 (8) (677 SE2d 71) (2009).

[7] *Freeman v. State*, 244 Ga. App. 393, 396 (2) (535 SE2d 349) (2000).

*Peter J. Skandalakis, District Attorney, Anne C. Allen, David P. Taylor, Assistant District Attorneys*, for appellee.