**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**January 15, 2013**

# In the Court of Appeals of Georgia

A12A1985. WHITE v. THE STATE.

ELLINGTON, Chief Judge.

In connection with a vicious attack against Mark White's ex-girlfriend, in her home and in the presence of her two young children, a Dougherty County jury found White guilty beyond a reasonable doubt of burglary, OCGA § 16-7-1 (b); aggravated assault, OCGA § 16-5-21 (a) (2) (with a deadly weapon); and two counts of cruelty to children in the second degree, OCGA § 16-5-70 (c). Following the denial of his motion for a new trial, White appeals, challenging the sufficiency of the evidence in several respects. For the reasons explained below, we affirm.

1. White contends that the evidence that he was the perpetrator of the charged offenses was "flawed" and, therefore, that the evidence was insufficient as a matter of law to convict him of any of the charges.

On appeal from a criminal conviction, the appellate court

view[s] the evidence in the light most favorable to the verdict[,] and an appellant no longer enjoys the presumption of innocence. [The appellate court] determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, [the appellate court] must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

Viewed in the light most favorable to the jury's verdict, the evidence shows the following. White and the adult victim had a child together, M. W., and lived together for about two years, until approximately September 2008. On September 12, 2009, the adult victim was asleep in her bedroom, along with her seven-year-old daughter, A. L., and M. W., who was then two years old, when White broke into the apartment through a rear window and attacked her. White stabbed the adult victim in the neck, dragged her down the hall, and stabbed her hand. Although he put a cloth over her face at some point, the adult victim saw that the person stabbing her in the neck was White, and she positively and consistently identified him as the perpetrator.

2

After attacking the adult victim, White left the apartment. The adult victim crawled back to the bedroom and told A. L. to call 911; the adult victim also called her sister, who came to care for the children. The two child victims saw their mother as she received treatment from the ambulance crew, when she was seriously injured and covered in blood. The children screamed hysterically and asked if their mother was dead.

A crime scene technician lifted several fingerprints from the outside trim around the kitchen window that White forced to gain entry. One print was of sufficient quality to allow comparison to White's fingerprints. A fingerprint examiner concluded that the print was White's. In addition, a forensic interview of A. L. was played for the jury. During that interview, A. L. described in detail the attack on her mother, which she witnessed, and identified the person who did it as "Mark White . . . [M. W.'s] daddy."

It was for the jury to assess the witnesses' credibility and to weigh evidence that identified White as the perpetrator, including resolving the issue of whether, under the circumstances, the adult victim had an adequate opportunity to identify White as the person who attacked her. *Olive v. State*, 291 Ga. App. 538, 539-540 (1) (662 SE2d 308) (2008). Because, contrary to White's assertion, there was competent

3

evidence that he was the perpetrator, we must uphold the jury's verdict. *Rankin v. State*, 278 Ga. at 705.

2. White contends that the evidence showed, at most, that he committed family violence battery against the adult victim, with knowledge that the children were present and saw or heard the act, and that there was no evidence that he directed his conduct towards the two children or that he committed any act which might reasonably be expected to injure them. He contends that, as a result, the State's case against him "fits best in the context of cruelty to children in the third degree," which is a misdemeanor, rather than the second degree of that offense, a felony which carries a maximum potential punishment of ten years imprisonment.[1] White argues that, under the circumstances, the rule of lenity requires that he receive the lesser punishment for the two counts of cruelty to children.

The rule of lenity applies where two or more statutes prohibit the same conduct while differing only "with respect to their prescribed punishments." *Dixon v. State*, 278 Ga. 4, 7 (1) (d) (596 SE2d 147) (2004). According to the rule, "[w]here any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of the two penalties administered." (Punctuation and footnote

---

[1] See OCGA § 16-5-70 (e).

4

omitted.) *Brown v. State*, 276 Ga. 606, 608-609 (2) (581 SE2d 35) (2003).[2] "The rule of lenity applies where the same conduct would support either a misdemeanor or a felony conviction and requires that both crimes could be proved with the same evidence." (Footnote omitted.) *Rollf v. State*, 314 Ga. App. 596, 598 (2) (b) (724 SE2d 881) (2012).

To consider White's argument, therefore, we must compare the essential elements of these two offenses. Under OCGA § 16-5-70 (c), a "person commits the offense of cruelty to children in the second degree when such person with criminal negligence causes a child under the age of 18 cruel or excessive physical or mental pain." Under OCGA § 16-5-70 (d) (2), on the other hand, a "person commits the offense of cruelty to children in the third degree when . . . [s]uch person, who is the primary aggressor, having knowledge that a child under the age of 18 is present and sees or hears the act, commits a forcible felony, battery, or family violence battery." Notably, the third degree of the offense does not require proof that the child victim suffered "cruel or excessive physical or mental pain" or, indeed, that the victim

---

[2] See also *Dowling v. State*, 278 Ga. App. 903, 904 (630 SE2d 143) (2006) (Whenever "statutory ambiguity creates uncertainty as to which sentencing scheme applies, the lesser penalty prevails.") (footnotes omitted).

5

suffered any other specific type or degree of harm,[3] and, therefore, the statutes do not differ *only* with respect to their prescribed punishment. Although the jury could have found White guilty of the third degree of the offense, based on the violent attack he waged against the adult victim in the child victims' presence, the evidence authorized the jury to find the additional element required for the second degree of the offense, that is, that White's conduct caused the child victims to suffer cruel and excessive mental pain, as alleged in the indictment. Consequently, the rule of lenity does not require that White be punished only for the third degree of the offense. See *Rollf v. State*, 314 Ga. App. at 598-599 (2) (b) (Because "[f]irst degree cruelty to children requires proof that the perpetrator acted with malice and that the children suffered cruel or excessive physical or mental pain while third degree cruelty to children requires only that the perpetrator do an act with knowledge that a minor child is present and can see or hear the act[,] . . . the two crimes cannot be proven by the same evidence, and the rule of lenity does not apply.") (footnotes omitted); *Lightning v.*

---

[3] We note that what constitutes cruel or excessive mental pain is for the jury to decide. See *Walden v. State*, 289 Ga. 845, 847-848 (1) (717 SE2d 159) (2011) (The evidence authorized the jury to find that the child victims suffered excessive mental pain from being kept in a house with a decomposing corpse that caused a pervasive stench even though there was no testimony that the children witnessed the victim's death, knew of the death, saw the body, or were even bothered by the odor.).

*State*, 297 Ga. App. 54, 60-61 (6) (676 SE2d 780) (2009) (rule of lenity did not require that the defendant be sentenced for the offense of battery, rather than aggravated assault; the two offenses do not address the same criminal conduct, since battery addresses specific harm to the victim, while assault addresses use of objects of a certain character.).

3. White contends that the evidence is undisputed that the two-year-old victim, M. W., was asleep throughout the assault and, because she did not witness the violent attack, the evidence was insufficient to convict him of cruelty to children as to her. This argument fails for two reasons.

First, contrary to White's contention, the evidence did not establish that M. W. slept throughout the attack. A. L. testified that, just after she called 911, M. W. was shaking; the jury was authorized to infer that, like A. L., M. W. awoke when she heard the adult victim screaming during the attack. Furthermore, OCGA § 16-5-70 (c) does not expressly require that the child victim's cruel or excessive physical or mental pain arise immediately upon the defendant's act of criminal negligence. See *Walden v. State*, 289 Ga. at 847-848 (1). The evidence was sufficient to support White's conviction.

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur.*

7