**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 6, 2016**

# In the Court of Appeals of Georgia

A16A0177. GORDON v. THE STATE.                                              DO-006 C

DOYLE, Chief Judge.

Following a bench trial, Sherome Gordon was convicted of possession of cocaine,[1] aggravated assault,[2] felony obstruction of a police officer,[3] and misdemeanor obstruction of a police officer.[4] Gordon appeals from the denial of his motion for new trial, contending that the trial court erred by (1) sentencing him for aggravated assault in violation of the rule of lenity, and (2) failing to merge his

---

[1] OCGA § 16-13-30 (a).

[2] OCGA § 16-5-21 (b) (2).

[3] OCGA § 16-10-24 (b).

[4] OCGA § 16-10-24 (a).

convictions for aggravated assault and felony obstruction. For the reasons that follow, we affirm.

Construed in favor of the verdict,[5] the record shows that an officer stopped a vehicle because its brake lights were not functioning. As he spoke to the driver, Gordon, the officer smelled alcohol on Gordon's breath and observed a beer bottle in plain view in the back seat. The officer inquired about the bottle, and Gordon responded "oh, Lord," and handed the officer the bottle, which was partially full of beer. The officer elected to arrest Gordon for an open container violation and asked Gordon to exit the vehicle, which he did. As the officer attempted to handcuff Gordon, Gordon forcefully attempted to flee, and a struggle ensued. As the officer held Gordon's neck, Gordon attempted to burn the officer's eye with a lit cigarette. The officer blocked the attempt, and the two fell to the ground, grappling in a stalemate until a group of young men from a nearby fraternity house assisted the officer in subduing Gordon. Ultimately, after deploying a taser, the officer was able to successfully handcuff Gordon. The officer then searched Gordon and found cocaine.

---

[5] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

Gordon was charged with possession of cocaine, aggravated assault, felony obstruction of an officer, misdemeanor obstruction of an officer, obstructing the highway, possession of an open container of alcoholic beverage while operating a vehicle, and driving with no working brake lights. Gordon pleaded guilty to the cocaine charge, and the State nolle prossed the charges for obstructing the highway, having an open container, and having no working brake lights. Following a bench trial, Gordon was found guilty of aggravated assault and both obstruction charges. The trial court sentenced Gordon to serve ten years on the cocaine charge consecutive to ten years on the aggravated assault charge, with five-year and twelve-month concurrent sentences on the felony and misdemeanor obstruction charges. Gordon unsuccessfully challenged his sentences in a motion for new trial, giving rise to this appeal.

1. Gordon contends that the rule of lenity requires that he can only be sentenced for felony obstruction of an officer (and not aggravated assault) because the evidence shows that both offenses served as alternative charges for the same conduct. We disagree.

3

As this Court recently recounted in *Gordon v. State*,[6] a whole-court case decided after the briefing in this case,

> the rule of lenity finds its roots in the vagueness doctrine, which requires fair warning as to what conduct is proscribed. The rule of lenity, more specifically, ensures that if and when an ambiguity exists in one or more statutes, such that the law exacts varying degrees of punishment for the same offense, the ambiguity will be resolved in favor of a defendant, who will then receive the lesser punishment. But if after applying the traditional canons of statutory construction the relevant text remains unambiguous, the rule of lenity will not apply. The fundamental inquiry when making this assessment, then, is *whether the identical conduct would support a conviction under either of two crimes with differing penalties*, i.e., whether the statutes define the same offense such that an ambiguity is created by different punishments being set forth for the same crime.

> In explaining the appropriate analysis to apply in making this assessment, however, the Supreme Court of Georgia has cautioned that *simply because a single act may, as a factual matter, violate more than one penal statute does not implicate the rule of lenity*. By way of example, . . . [we note that] depending upon attendant circumstances, it is possible for the act of striking another person with an object to meet the definitions of each of the crimes of: simple battery, OCGA §

---

[6] 334 Ga. App. 633 (780 SE2d 376) (2015) (whole court). The defendant in that case was Kyle Lee Gordon, not Sherome Gordon.

4

16-5-23, a misdemeanor; aggravated battery, OCGA § 16-5-24, a felony; simple assault, OCGA § 16-5-20, a misdemeanor; aggravated assault, OCGA § 16-5-21, a felony; and malice murder, OCGA § 16-5-1, a felony. In the foregoing circumstance, a defendant could be prosecuted for multiple crimes. But when a defendant is prosecuted for and [found guilty] of multiple crimes based upon a single act, the injustice that must be avoided is sentencing the defendant for more than one crime following [a guilty verdict for] multiple crimes based upon the same act.[7]

Therefore, to decide whether the rule of lenity applies, we look to whether there is any ambiguity in the two statutes such that "both crimes could be proved with the same evidence."[8]

Here, Gordon was accused of aggravated assault and felony obstruction of an officer. The aggravated assault statute provides, in relevant part: "A person commits

---

[7] (Footnotes and punctuation omitted; emphasis supplied.) Id. at 634-635, citing *United States v. Lanier*, 520 U. S. 259, 266 (II) (117 SCt 1219, 137 LE2d 432) (1997) ("[A]s a sort of 'junior version of the vagueness doctrine,' . . . the canon of strict construction of criminal statutes, or rule of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered.") (citation omitted)); *McNair v. State*, 293 Ga. 282, 283 (745 SE2d 646) (2013); *Banta v. State*, 281 Ga. 615, 617-618 (2) (642 SE2d 51) (2007).

[8] (Punctuation omitted.) *Gordon*, 334 Ga. App. at 637, quoting *Quaweay v. State*, 274 Ga. App. 657, 658 (618 SE2d 707) (2005).

the offense of aggravated assault when he or she assaults[9] . . . with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."[10] Likewise, a person commits felony obstruction when he "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his or her official duties by offering or doing violence to the person of such officer or legally authorized person . . . ."[11]

Based on these two statutory provisions, Gordon's indictment accused him of committing aggravated assault and felony obstruction in the following ways:

Count 2

And the grand jurors . . . further charge and accuse . . . Gordon with having committed the offense of AGGRAVATED ASSAULT, for that . . . Gordon did . . . make an assault upon the person of Deputy Mark Guarino, with an object, device or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury to wit: a lit cigarette by attempting to insert the lit cigarette

---

[9] "A person commits the offense of simple assault when he or she either: (1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20.

[10] OCGA § 16-5-21 (b).

[11] OCGA § 16-10-24 (b).

into the deputy's eye during arrest, contrary to the laws of this state . . . .

Count 3

And the grand jurors . . . further charge and accuse . . . Gordon with having committed the offense of OBSTRUCTION OF AN OFFICER, for that . . . Gordon did . . . knowingly and willfully resist Deputy Mark Guarino, *a law enforcement officer in the lawful discharge of his official duties* by doing violence to such officer by . . . attempting to insert a lit cigarette into the deputy's eye during lawful arrest, contrary to the laws of this state . . . .[12]

A close reading of the indictment and the applicable Code sections reveals that the two counts do not address the same criminal conduct, even though the indictment predicated both offenses on the same act of attempting to insert a lit cigarette into the eye of the deputy. Under the indictment and the statutory definitions, Gordon could commit felony obstruction only if he offered violence *against an officer while the officer was in the lawful discharge of his official duties*.[13] Moreover, felony

---

[12] (Emphasis supplied.)

[13] See, e.g., *Land v. State*, 259 Ga. App. 860, 863 (2) (2003) ("An essential element of the offense of obstruction of an officer is that the State prove beyond a reasonable doubt that the obstruction occurred while the officer was in the lawful discharge of his official duties.") (punctuation omitted).

7

obstruction can occur regardless of whether it involved the use of an offensive weapon likely to result in serious bodily injury, unlike aggravated assault.[14] Thus, the two offenses, as described in the indictment and the Code, are not proved by the same evidence, and the rule of lenity does not apply.[15]

If we were to hold otherwise, any defendant who wrestles a gun away from an officer and murders him could only be punished for felony obstruction, which carries a maximum sentence of five years, as opposed to a sentence of death or life imprisonment for murder.[16] We decline to hold that this is what the legislature intended when it defined the offenses. Simply because "a single act may, as a factual matter, violate more than one penal statute does not implicate the rule of lenity."[17]

---

[14] See *Banta*, 281 Ga. at 618 (2) (misdemeanor obstruction under OCGA § 16-10-24 (a) is distinct from making a false statement to a government agency under OCGA § 16-10-20 even though the act of lying to an officer could satisfy both statutory definitions). See also *Chynoweth v. State*, 331 Ga. App. 123, 126 (2) (768 SE2d 536) (2015) (finding that the rule of lenity was not implicated by convictions for riot in a penal institution and felony obstruction).

[15] See *Banta*, 281 Ga. at 618 (2).

[16] See OCGA §§ 16-5-1 (e) (1); 16-10-24 (b).

[17] *Banta*, 281 Ga. at 618 (2).

What is required is a statutory ambiguity such that identical *evidence*, not merely a single act, results in different punishments.[18] We do not have that scenario here.

2. Gordon also contends that the trial court erred by sentencing him for both aggravated assault and felony obstruction because they should have merged as a matter of fact. We disagree.

> When a defendant is convicted of multiple crimes based upon the same act, the principle of factual merger operates to avoid the injustice [of multiple sentences for the same offense]. In *Drinkard v. [Walker]*,[19] [the] Supreme Court of Georgia adopted the "required evidence" test set forth by the Supreme Court of the United States to resolve these situations. Thus, to determine whether convictions for multiple crimes merge for purposes of sentencing, the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each [statutory] provision requires proof of a fact which the other does not.[20]

---

[18] See, e.g., *Dawkins v. State*, 278 Ga. App. 343, 345 (629 SE2d 45) (2006) (recognizing that it is not possible to give a false name to a police officer in violation of OCGA § 16-10-25 (a misdemeanor) without also making a false statement in violation of OCGA § 16-10-20 (a felony)).

[19] 281 Ga. 211 (636 SE2d 530) (2006).

[20] (Footnotes and punctuation omitted.) *Gordon*, 334 Ga. App. at 636, quoting *Drinkard*, 281 Ga. at 215, and citing *Blockburger v. United States*, 284 U. S. 299 (52 SCt 180, 76 LE 306) (1932). See also *Cordero v. State*, 296 Ga. 703, 710 (3) (770

9

"The test focuses on the evidence required to establish the statutory elements of each criminal offense, not the actual evidence presented at trial."[21]

Here, a review of the statutory elements of felony obstruction and aggravated assault demonstrates that they are two separate offenses. As stated in Division 1, to commit felony obstruction, one must obstruct or resist by offering or doing violence to a law enforcement officer who is engaged in the lawful discharge of his official duties.[22] Having such a law enforcement victim is not an element of aggravated assault, which requires as an additional element the use of "any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."[23] Although the felony obstruction statute requires offering or using "violence," regardless of whether a weapon is used, it does not, by

SE2d 577) (2015) ("In *Drinkard v. Walker*, we adopted the "required evidence" test for determining when one crime is "included in" another under OCGA § 16-1-6 (1) and therefore merges as a matter of fact," pursuant to OCGA § 16-1-7 (a) (1)) (citation and punctuation omitted).

[21] *Nolley v. State*, __ Ga. App. __ (2) (Case No. A15A1686; decided Feb. 2, 2016).

[22] See OCGA § 16-10-24 (b).

[23] OCGA § 16-5-21 (b). We note that aggravated assault may occur in other ways not at issue here: intent to murder, to rape, or to rob; use of an object to strangulate; or discharging a firearm from within a vehicle. See id.

its plain terms, require that this violence be the type that likely will or actually does result in serious bodily injury. We recognize that in certain cases the use of fists, for example, can suffice as a weapon for purposes of aggravated assault. But felony obstruction can encompass other conduct, such as verbal threats to kill[24] or slapping, that can occur without the use of an object as a weapon that is likely to or actually does result in serious bodily injury. It is of no moment that the violence offered in this case – attempting to burn the officer's eye with a cigarette – also satisfies the elements of aggravated assault. Under *Drinkard*, the relevant inquiry focuses on the elements of the offenses, and even though both offenses result from the same act, each offense required proof of an additional element that the other did not.[25] Accordingly, the trial court did not err by failing to merge the convictions for aggravated assault and felony obstruction.

We note that Gordon relies on *Taylor v. State*,[26] which addressed a scenario involving a defendant charged with aggravated assault *upon a peace officer* and

---

[24] See *Steillman v. State*, 295 Ga. App. 778, 781 (2) (673 SE2d 286) (2009).

[25] See *Drinkard*, 281 Ga. at 217 (explaining how different crimes with overlapping elements do not merge even when crimes occurred by a single act by the defendant), citing *Sanford v. State*, 169 Ga. App. 769 (315 SE2d 281) (1984).

[26] 327 Ga. App. 882 (761 SE2d 426) (2014).

11

felony obstruction based on "fighting" the officer.[27] Relying on *Dobbs v. State*,[28] the Court concluded that the two offenses should have merged because they encompassed the same crimes.[29] Nevertheless, in both *Dobbs* and *Taylor*, the offense of aggravated assault upon a peace officer contained the additional element that the assault was "upon a peace officer while the peace officer is engaged in, or on account of the performance of, his or her official duties,"[30] which is not the case here. Therefore, because the aggravated assault offense at issue in this case does not contain that element, the obstruction charge *did* contain an element not in the aggravated assault charge, and the two do not merge under the *Drinkard* analysis.

*Judgment affirmed. Andrews, P. J. and Ray, J., concur.*

---

[27] See id. at 887-888 (5), citing *Dobbs v. State*, 302 Ga. App. 628, 630 (2) (691 SE2d 387) (2010).

[28] 302 Ga. App. at 628.

[29] See id.

[30] OCGA § 16-5-21 (b) (2), (d). See *Taylor*, 327 Ga. App. at 888 (5); *Dobbs*, 302 Ga. App. at 630 (2).