**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 4, 2017**

# In the Court of Appeals of Georgia

A17A2012. MITCHELL v. THE STATE.

ELLINGTON, Presiding Judge.

Derrick Mitchell entered a non-negotiated guilty plea to one count of family violence battery, OCGA § 16-5-23.1 (f) (2), in the Superior Court of Coweta County. Because Mitchell had a prior conviction for family violence battery, the court imposed a felony sentence of five years, two to serve in prison and the balance on probation. Mitchell appeals his sentence, contending that the court should have applied the rule of lenity and sentenced him for a misdemeanor.

The record shows that, at about 3:00 a.m. on October 20, 2015, Mitchell went to his former girlfriend's apartment because he thought that another man was living with her. When he arrived, he argued with the victim and loudly berated her. The argument ended with Mitchell punching the victim in the mouth several times. The

victim called the police, and the responding officer found the victim holding an ice pack to her swollen and bruised mouth. The officer then spoke to Mitchell, who was nervous and agitated. He admitted to the officer that he was upset with the victim and that he had argued with her; however, he denied having hit her.

During the plea hearing, the prosecutor tendered, without objection, a certified copy of Mitchell's previous family violence battery conviction against the same victim. The exhibit shows that Mitchell entered his plea to misdemeanor family violence battery on May 16, 2016, for an incident that occurred during the previous year, on May 12, 2015. Mitchell committed the instant crime on October 20, 2015 – after the first offense had occurred but prior to the date he was sentenced for the first offense. Mitchell was indicted for the October 2015 incident on November 2, 2016; and he entered his guilty plea to that offense on January 26, 2017. Because Mitchell had a prior conviction for family violence battery, the trial court imposed a felony conviction pursuant to OCGA § 16-5-23.1 (f) (2) (B). That Code section provides that, "[u]pon a second or subsequent conviction of family violence battery against the same or another victim, the defendant shall be guilty of a felony and shall be punished by imprisonment for not less than one nor more than five years." Id.

Mitchell argues that, under the circumstances of this case, OCGA § 16-5-23.1(f) (2) (B) does not require the court to impose a felony sentence. He contends that, when a second offense of family violence battery is committed prior to the entry of a judgment of conviction for the first offense of family violence battery, the statute's sentencing requirements are ambiguous and therefore requires the application of the rule of lenity. And, applying the rule of lenity, Mitchell contends that the court should have imposed a misdemeanor sentence. We disagree.

"As in all appeals involving the construction of statutes, our review is conducted under a de novo standard." (Citation omitted.) *Hankla v. Postell*, 293 Ga. 692, 693 (749 SE2d 726) (2013). Pursuant to the rules of statutory construction, we

> presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

(Citations and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013). "Applying these principles, if the statutory text is 'clear and

3

unambiguous,' we attribute to the statute its plain meaning, and our search for statutory meaning is at an end." Id. at 173.

By its plain language, OCGA § 16-5-23.1 (f) (2) (B) provides that upon a second or subsequent *conviction* – not act, crime, or offense – the defendant *shall* be guilty of felony. It does not matter when the offenses occurred. All that matters for purposes of this sentencing provision is that the defendant have a prior conviction for family violence battery. There is no ambiguity and hence nothing to construe. Because OCGA § 16-5-23.1 (f) (2) (B) is unambiguous, the rule of lenity does not apply. *Hudson v. State*, 334 Ga. App. 166, 168 (2) n. 3 (778 SE2d 406) (2015). ("The rule of lenity is a rule of construction that is applied only when an ambiguity still exists after having applied the traditional canons of statutory construction.") (citations omitted). Consequently, this claim of error is without merit.

*Judgment affirmed. Andrews and Rickman, JJ., concur*.