**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 2, 2024**

# In the Court of Appeals of Georgia

A24A0594. THE STATE v. STILLMAN.

MARKLE, Judge.

After Enan Stillman pled guilty to two counts of trafficking of persons for sexual servitude (OCGA § 16-5-46 (c)) and one count of pandering for person under 18 (OCGA § 16-6-12), the trial court vacated the trafficking charges based on the rule of lenity, and sentenced Stillman only on the pandering charge. The State now appeals, arguing that the trial court erred (1) because the first trafficking charge contained different elements from that of pandering, and (2) because the second trafficking charge specifically alleged that Stillman subjected and maintained the victim, who was under 18 years of age, in sexual servitude, which is a crime different from pandering.

For the reasons that follow, we reverse Stillman's conviction and remand the case to the trial court for resentencing.

The record shows that, on December 16, 2019, Stillman met the then-16-year-old high school student on a website known as "SeekingArrangements.com," a website used for connecting older men with younger women for the purpose of sex. The victim had created a profile on the website indicating that she was 18 years old. At some point, Stillman inquired into the victim's age, at which time she told him she was actually 17 years old. After connecting through the website, Stillman picked the victim up from school, took her to a hotel, and paid her $500 for oral and vaginal sex. During the encounter, Stillman offered to pay the victim $500 for each future sexual encounter and $3,000 to travel with him on vacation. Afterwards, Stillman drove the victim back to school. Later that same day, the victim's father discovered what had occurred between her and Stillman, causing her to run away from home. Shortly thereafter, she was picked up by law enforcement, and a criminal investigation of Stillman ensued.

Stillman was charged with two counts of trafficking persons for sexual servitude and one count of pandering of a person under 18 years of age. Stillman entered a non-

negotiated guilty plea to all charges. Prior to the plea hearing, Stillman moved the trial court to enter judgment against him only for the pandering count. At the plea hearing, Stillman again orally moved the trial court to convict and sentence him only on the pandering charge because, as a matter of law, he could only be convicted of pandering as the initial solicitation of the victim was the only crime he committed, and because the two counts for trafficking essentially charged the same crime as pandering. The trial court granted Stillman's motion, vacated the trafficking charges based on the rule of lenity, and sentenced Stillman on the pandering count.[1] The State now appeals.

Before turning to the merits of the State's argument, we first set forth the relevant law.

> The rule of lenity applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment. The fundamental inquiry when making this assessment, then, is whether the identical *conduct* would support a conviction under either of two crimes with differing penalties, i.e., whether the statutes define the same offense such that an ambiguity is created by different punishments being set forth for the same crime. The

---

[1] At the sentencing hearing, the trial court initially imposed a $10,000 fine, but subsequently changed the fine to $5,000 and required Stillman to reimburse the crime victims fund $7,540.94.

essential requirement of the rule of lenity is that both crimes could be proved with the same evidence. As the Supreme Court of Georgia recently explained, when one offense has been criminalized by two different statutory provisions, one of which provides a lesser punishment than the other ..., the statutory provision imposing the greater punishment is effectively abrogated by the provision imposing the lesser punishment, and the defendant *cannot be properly prosecuted or convicted under the more stringent provision.* The effect of completely overlapping and therefore ambiguous criminal statutes is that the defendant *can* be subject only to the statute with the lesser penalty.

(Citations and punctuation omitted, emphasis in original.) *Towns v. State*, 357 Ga. App. 701, 702 (849 SE2d 249) (2020). But, "[t]he rule of lenity is a rule of construction that is applied only when an ambiguity still exists after having applied the traditional canons of statutory construction." *McNair v. State*, 293 Ga. 282, 284 (745 SE2d 646) (2013). In other words, under the rule,

where any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of the two penalties administered. The rule of lenity applies where the same conduct would support either a misdemeanor or a felony conviction and requires that both crimes could be proved with the same evidence.

(Citation and punctuation omitted.) *White v. State*, 319 Ga. App. 530, 531-532 (2) (737 SE2d 324) (2013).

And, because our analysis of Stillman's arguments on appeal involve construction of the relevant criminal statutes, we apply our well-settled rules of statutory construction.

> When interpreting a statute, we must afford the statutory text its plain and ordinary meaning, consider the text contextually, read the text in its most natural and reasonable way, as an ordinary speaker of the English language would, and seek to avoid a construction that makes some language mere surplusage. Further, when the language of a statute is plain and susceptible of only one natural and reasonable construction, courts must construe the statute accordingly.

(Citation omitted.) *State v. Hillsman*, 368 Ga. App. 873, 876 (891 SE2d 440) (2023); see also *Clark v. State*, 370 Ga. App. 430, 433 (1) (897 SE2d 645) (2024). "As in all appeals involving the construction of statutes, our review is conducted under a de novo standard." *Mitchell v. State*, 343 Ga. App. 116, 117 (806 SE2d 226) (2017). With these principles in mind, we turn to the State's arguments.

1. The State first argues on appeal that the trial court erred in vacating the first trafficking count and instead convicting and sentencing Stillman for pandering

because Stillman did more than just *solicit* the victim for sex, as required for the pandering offense, in that he recruited the 16-year-old victim and had sex with her. We agree.

Here, Count 1 of the indictment charged Stillman with trafficking of persons for sexual servitude in that he did "knowingly recruit, entice, harbor, transport, patronize and obtain [the victim], an individual under 18 years of age, for the purpose of sexual servitude." And Count 3 charged Stillman with pandering for person under 18 in that he did "then and there unlawfully solicit [the victim], an individual under 18 years of age, to perform an act of prostitution in her own behalf."

Pursuant to OCGA § 16-5-46 (c) (1) (2) (effective July 1, 2019), "[a] person commits the offense of trafficking an individual for sexual servitude when that person knowingly: (1) [s]ubjects an individual to or maintains an individual in sexual servitude; (2) [r]ecruits, entices, harbors, transports, provides, solicits, patronizes, or obtains by any means an individual for the purpose of sexual servitude[.]" "Sexual servitude" means any sexually explicit conduct or performance involving sexually explicit conduct for which anything of value is directly or indirectly given, promised to, or received by any individual, which conduct is induced or obtained: . . . [f]rom an

6

individual who is under the age of 18 years." OCGA § 16-5-46 (a) (8) (B). Any person who commits the offense of trafficking an individual under 18 years of age is guilty of a felony punishable by imprisonment for not less than 25 nor more than 50 years or life imprisonment and a fine not to exceed $100,000.00. OCGA § 16-5-46 (f) (1).

In contrast, "[a] person commits the offense of pandering when he or she solicits a person to perform an act of prostitution in his or her own behalf . . . ." OCGA § 16-6-12. Any person convicted of pandering a person under the age of 18 years is guilty of a felony punishable by imprisonment for a period of not less than ten nor more than 30 years and a fine of not more than $100,000.00. OCGA § 16-6-13 (b) (2).

Here, the indictment did not predicate the two offenses on the same conduct or act. Notably, the State did not include "solicit" in Count 1. On the other hand, the pandering statute includes *only* the act of soliciting the victim who is under the age of 18 years, as the State charged in Count 3. Thus, although the two defined crimes may address similar criminal conduct, there is no ambiguity between these statutes because the State did not charge Stillman with the same conduct in Count 1 as in Count 3. *Koroma v. State*, 350 Ga. App. 530, 532-533 (2) (827 SE2d 903) (2019). In other words,

7

as charged in the indictment, the State could prove that Stillman completed the act of pandering by having solicited the victim, without proof of all the elements comprising the act of trafficking charged in Count 1. Stillman, however, did more than merely solicit the victim for sex. He solicited the victim, picked her up from her school, took her to a hotel, had sex with her, and paid her for the service. As such, the trafficking count in the indictment alleges a crime separate and distinct from the pandering count such that the rule of lenity does not apply. *Koroma*, 350 Ga. App. at 532-533 (2) (rule of lenity did not apply where the indictment did not predicate the three offenses on the same conduct or act; rather, each offense, as charged, was predicated on a separate sexual act); see also *Gordon v. State*, 337 Ga. App. 64, 68 (1) (785 SE2d 900) (2016) (the two offenses of aggravated assault and felony obstruction, as described in the indictment and the Code, were not proved by the same evidence, and thus the rule of lenity did not apply); *White v. State*, 319 Ga. App. 530, 532-533 (2) (737 SE2d 324) (2013) (the crimes of cruelty to children in the second degree and third degree, as alleged in the indictment, could not be proven by the same evidence, and thus the rule of lenity did not apply); compare *Gordon v. State*, 334 Ga. App. 633, 641 (780 SE2d

8

376) (2015) (where the two statutes at issue for making a false statement provided different punishment ranges for the same criminal conduct, rule of lenity applied).

Accordingly, the trial court erred by applying the rule of lenity to these charges.

2. The State next argues that the trial court erred in vacating Count 2 for trafficking and instead convicting and sentencing Stillman only for pandering because Count 2 specifically alleged that Stillman had sex with the victim in exchange for money, and sexual conduct is not an element of pandering. Again, we agree.

The same analysis with respect to Count 1 dictates that we reach the same conclusion with regard to this trafficking count. Here, again, the indictment did not predicate the trafficking and pandering charges on the same conduct. Count 2 of the indictment charged Stillman with trafficking of persons for sexual servitude in that he did "knowingly subject and maintain" the victim, an individual under 18 years of age, in sexual servitude. And Count 3 charged Stillman with pandering for unlawfully soliciting the victim, who was under the age of 18, to perform an act of prostitution in her own behalf.

Pandering only entails the act of *soliciting* the victim for sex and does not include the element of sexual conduct required under the trafficking statute. OCGA §§ 16-5-

9

46 (c) (1); 16-6-12. As such, the second trafficking charge alleges a crime separate and distinct from the pandering charge, and requires additional proof, such that the rule of lenity does not apply. *Koroma*, 350 Ga. App. at 532-533 (2); see also *Gordon*, 337 Ga. App. at 68 (1); *White*, 319 Ga. App. at 532-533 (2). Therefore, the trial court erred in applying the rule of lenity to this count, as well. Accordingly, we reverse the trial court's judgment, and remand the case to the trial court for resentencing.[2]

*Judgment reversed and case remanded with direction. Miller, P. J., and Land, J., concur.*

---

[2] We further note that, upon resentencing, the lesser crime of pandering in Count 3 should merge with the trafficking charges in Counts 1 and 2 for purposes of sentencing. *McMullen v. State*, 327 Ga. App. 757, 760 (2) (754 SE2d 798) (2014); see also *Banta v. State*, 281 Ga. 615, 618 (2) (642 SE2d 51) (2007).